IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) |
| v. | ) Criminal No. 1:11-cr-188<br>) Civil No. 1:16-cv-716<br>) |
| DELANTE T. COOK, | )<br>) |
| Defendant/Petitioner. | )<br>) |

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Delante T. Cook's ("Petitioner") Motion to Vacate his Conviction for Count III pursuant to 28 U.S.C. § 2255 (Dkt. 72); the Government's First Motion to Dismiss (Dkt. 74); and the Government's Second Motion to Dismiss (Dkt. 82).

Petitioner was alleged to have been part of a conspiracy to rob marijuana dealers of their drugs and cash proceeds from related sales in violation of the Hobbs Act. It was further alleged that Petitioner and his co-conspirators surveilled the dealers for two days prior to the robbery, and that when the robbery occurred, Petitioner and his co-conspirators were dressed in clothing associated with law enforcement.

On November 19, 2008, when Petitioner and his co-conspirators arrived to commit the robbery, they were armed with

knives and pistols. Petitioner carried a handgun during the robbery. One victim of the robbery was pistol-whipped and stabbed to death, two others were also stabbed to death. All, or most, of this violence was allegedly committed by Petitioner's co-conspirators. The members of the conspiracy then attempted, but failed, to take marijuana and proceeds from drug sales from the location of the robbery. Instead, the conspirators were able to only take a cellular telephone and two laptop computers.

On April 6, 2011 Petitioner pleaded guilty to and was convicted of: 18 U.S.C. § 1951 (Conspiracy to Commit Hobbs Act robbery) (Count I); 18 U.S.C. § 1951 (attempted Hobbs Act robbery) (Count II); and 18 U.S.C. § 924(c) (use of a firearm during and in relation to a crime of violence) (Count III).

On December 16, 2011, this Court sentenced Petitioner to twenty years of incarceration and three years of supervised release each for Counts I and II to run concurrently, followed by a consecutive term of life and five years of supervised release on Count III.

Petitioner brought his motion to vacate his conviction on June 26, 2011. The motion argued that under 28 U.S.C. § 2255 claiming that his original conviction "was imposed in violation of the constitution or laws of the United States," 28 U.S.C. § 2255(a), due to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court

held a residual clause similar to that found in 18 U.S.C. § 924(c)(3) to be void for vagueness. Id. at 2562-63. The Court originally stayed this case pending the Supreme Court's decision in Beckles v. United States, 136 S. Ct. 2510 (2016), as well as a number of Fourth Circuit cases. The Court removed the stay on April 24, 2018 and ordered the Government to respond to Petitioner's motion. The Government has twice moved to dismiss Petitioner's motion as, inter alia, untimely.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Normally, to be considered timely a motion under Section 2255 must be filed within one year of a petitioner's conviction. 28 U.S.C. § 2255(f)(1). There is, however, an exception allowing petitioners to file within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if

3

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

There are standards for satisfying the requirements of Section 2255(f)(3) that create an orderly and rational process that protects both a petitioner's constitutional rights without the need to divine future legal developments and the finality of judgments. For a petitioner to satisfy Section 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right in question. Dodd v. United States, 545 U.S. 353, 357 (2005). Thus, Section 2255(f)(3) "does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). In addition, Section 2255(f)(3) provides that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [that] decision within which to file his § 2255 motion." Dodd, 545 U.S. at 358-59.

To determine whether the Supreme Court has issued a new constitutional ruling satisfying Section 2255(f)(3), courts apply the framework from Teague v. Lane, 489 U.S. 288 (1989). Under the Teague framework, "a case announces a new rule if the

4

result was not dictated by precedent existing at the time the defendant's conviction became final," and "a holding is not so dictated . . . unless it would have been apparent to all reasonable jurists." Chaidez v. United States, 568 U.S. 342, 347 (2013) (quoting Teague, 489 U.S. at 301; Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)) (emphasis in original). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017).

Petitioner contends that the Supreme Court's decision in Johnson made Section 924(c)(3)(B) unconstitutional for vagueness due to its similarity to the residual clause in Johnson. Petitioner further contends that this new constitutional right is the basis for his motion to vacate thus making it timely. The Fourth Circuit, however, has stated that Johnson did not provide the Supreme Court with an "occasion to review" the status of Section 924(c)(3)(B). United States v. Fuertes, 805 F.3d 485, 499 n.5 (4th Cir. 2015).

After the stay in this case was lifted pending the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Government again moved to dismiss. The Petitioner responded by arguing that Dimaya only strengthened his argument about the unconstitutional vagueness of Section 924(c)(3)(B). Again,

5

however, the Supreme Court did not review Section 924(c)(3)(B) in Dimaya. The only mention of this statute in Dimaya was by Chief Justice Roberts in his dissent noting the similarity of Section 924(c)(3)(B) to 18 U.S.C. § 16 with concern that the plurality's decision may call into question the validity of convictions of an "oft-prosecuted offense." Dimaya, 138 S. Ct. at 1241 (Roberts, C.J. dissenting) (internal quotations omitted). As a result, one cannot rightfully say that a new right regarding this statute was articulated by the Court in Dimaya.

Petitioner may not rely on similarities between the statutes in Johnson, Dimaya, and Section 924(c) on collateral review. Brown, 868 F.3d at 303-04. This Court does not have inferential license on collateral review and instead must limit itself to the "narrow lens that § 2255(f) affords." Id.

Further, it appears that the question of Dimaya and Johnson's effect on Section 924(c)(3)(B) is not yet settled. There are a number of cases currently pending in the Fourth Circuit which are considering the constitutionality of the residual clause in Section 924(c)(3)(B). There is also a case pending before the Supreme Court regarding the same. See United States v. Davis, 903 F.3d 483 (5th Cir. 2018), cert. granted __ S. Ct.__, 2019 WL 98544 (Mem). These cases lead to the conclusion that a "reasonable jurists," Chaidez, 568 U.S. at

6

347, may come to differing conclusions on this issue and Section 924(c)(3)(B)'s status "remains an open question." Brown, 868 F.3d at 301. As neither Johnson nor Dimaya clearly articulated a new legal standard with retroactive applicability, Petitioner's motion is untimely.

The parties raise a number of other issues which the Court does not reach do to the untimeliness of Petitioner's motion.

For the reasons set forth above, the Court concludes that Petitioner has not met his burden to show that his original conviction "was imposed in violation of the constitution or laws of the United States," 28 U.S.C. § 2255(a), and thus vacating his sentence would be inappropriate. Petitioner's Motion to Vacate will be denied. The Government's First Motion to Dismiss will be denied as moot, and its Second Motion to Dismiss will be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 25, 2019